Brian A. Rosenthal, BN 3961380
(*pro hac vice forthcoming*)
BRosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

Nathaniel R. Scharn, SBN 304836
NScharn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BOOMCLOUD 360, INC.,<br><br>        Defendant. | Case No. **'26 CV 4492 RSH DEB**<br><br>Designation of Nature of Action Pursuant to CivLR 3.1: Patent<br><br>**APPLE INC.'S COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NOS. 10,313,820, 10,721,564, 10,757,527**<br><br>**JURY TRIAL DEMANDED** |

CASE NO. _____                                              COMPLAINT

Plaintiff Apple Inc. ("Apple"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment of Noninfringement of U.S. Patent Nos. 10,313,820 ("'820 patent," attached as **Exhibit 1**), 10,721,564 ("'564 patent," attached as **Exhibit 2**), and 10,757,527 ("'527 patent," attached as **Exhibit 3**) (together the "Patents-in-Suit") against Defendant Boomcloud 360, Inc. ("Boomcloud"), and in support of its Complaint alleges as follows.

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of noninfringement of the Patents-in-Suit against Boomcloud arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.

2.      Since its founding fifty years ago, Apple has been a pioneer in the design of consumer electronics products.  Apple's innovations have led to the introduction of iconic products that have profoundly influenced modern life.  Apple has been awarded thousands of patents by the United States Patent and Trademark Office ("USPTO"), which protect the technologies underlying Apple's groundbreaking inventions.  Apple requests the relief sought by its complaint because Boomcloud claims that certain Apple products and/or services infringe the Patents-in-Suit.

3.      On January 30, 2026, Boomcloud filed patent infringement complaints against AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp. (together, "AT&T"), and T-Mobile USA, Inc. ("T-Mobile"), in which Boomcloud accused AT&T and T-Mobile of infringing the Patents-in-Suit.  Complaint, *Boomcloud 360, Inc. v. AT&T Services, Inc.*, No. 2:26-cv-00082 (E.D. Tex. Jan. 30, 2026) ("AT&T Complaint"); Complaint, *Boomcloud 360, Inc. v. T-Mobile USA, Inc.*, No. 2:26-cv-00080 (E.D. Tex. Jan. 30, 2026) ("T-Mobile Complaint") (collectively, the "Carrier Cases").

CASE NO. _____                                              COMPLAINT

4.      Boomcloud's March 19, 2026 Infringement Contentions served in each Carrier Case assert that AT&T and T-Mobile infringe claims 1-27 of the '820 patent, claims 1-21 of the '564 patent, and claims 1-30 of the '527 patent by using, making, selling, offering for sale, or importing into the United States Apple's iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 12 mini, iPhone 13, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 13 mini, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone 15, iPhone 15 Plus, iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 16e, iPhone 17, iPhone 17 Pro, iPhone 17 Pro Max, iPhone Air, iPad Air (4th generation), iPad Air (5th generation), iPad Air 11-inch (M2), iPad Air 13-inch (M2), iPad Air 11-inch (M3), iPad Air 13-inch (M3), iPad Pro 11-inch (2nd generation), iPad Pro 11-inch (3rd generation), iPad Pro 11-inch (4th generation), iPad Pro 11-inch (M4), iPad Pro 11-inch (M5), iPad Pro 12.9-inch (4th generation), iPad Pro 12.9-inch (5th generation), iPad Pro 12.9-inch (6th generation), iPad Pro 13-inch (M4), and iPad Pro 13-inch (M5) alone or in combinations with audio accessories including AirPods 3, AirPods 4, AirPods 4 (ANC), AirPods Max (Lightning), AirPods Max (USB-C), AirPods Pro (1st gen), AirPods Pro 2 (Lightning case), AirPods Pro 2 (USB-C case), AirPods Pro 3, Beats Fit Pro, Beats Flex, Beats Powerbeats Fit, Beats Powerbeats Pro 2, Beats Solo 4, Beats Studio Buds+, Beats Studio Pro, and Beats Pill, as well as all versions and variations of those products (collectively, the "Accused Apple Devices"). *See* **Exhibit 4** at 3 (Boomcloud's March 19, 2026 Infringement Contentions served on AT&T); **Exhibit 5** at 3 (Boomcloud's March 19, 2026 Infringement Contentions served on T-Mobile).

5.      Boomcloud's infringement contentions in the Carrier Cases include claim charts purporting to map the limitations of the asserted claims of the Patents-in-Suit to the Accused Apple Devices, as well as Apple's Spatialize Stereo and other audio features ("Accused Apple Functionalities"). *See* **Exhibit 4** at 10-107;

CASE NO. _____                                                    COMPLAINT

**Exhibit 5** at 10-107.  The claim charts each assert Apple products "perform[] spatial audio processing" (**Exhibit 4** at 11, 52; **Exhibit 5** at 11, 52), or "support 'Spatialize Stereo'" (**Exhibit 4** at 88; **Exhibit 5** at 88), consistent with Boomcloud's definition of "Accused Products" in each Complaint.

6.      Based on Boomcloud's allegations in its March 19, 2026 Infringement Contentions in the Carrier Cases, Apple is one of the "other companies" that Boomcloud alleges "make, use, sell, import, and offer for sale the Accused Products in ways that *directly infringe* the" Patents-in-Suit.  AT&T Complaint, ¶¶26, 38, 50; T-Mobile Complaint, ¶¶23, 35, 47 (emphasis added).

7.      On June 17, 2026, Boomcloud filed patent infringement lawsuits against Walmart, Inc. ("Walmart"), Target Corporation ("Target"), and Best Buy Co., Inc. ("Best Buy"), in which Boomcloud accused Walmart, Target, and Best Buy of infringing the Patents-in-Suit.  Complaint, *Boomcloud 360, Inc. v. Walmart Inc.*, No. 2:26-cv-00245 (E.D. Tex. June 17, 2026) ("Walmart Complaint"); *Boomcloud 360, Inc. v. Target Corporation*, No. 2:26-cv-00489 (E.D. Tex. June 17, 2026) ("Target Complaint"); *Boomcloud 360, Inc. v. Best Buy Co., Inc.*, No. 2:26-cv-00488 (E.D. Tex. June 17, 2026) ("Best Buy Complaint") (collectively, the "Customer Cases").

8.      Boomcloud's complaints in the Customer Cases are substantively similar to its complaints filed in the Carrier Cases.  For example, like the complaints in the Carrier Cases, Boomcloud alleges that Walmart, Target, and Best Buy "make, use, offer for sale, sell, and/or import electronic devices supporting spatial audio ('Accused Products') . . . that directly infringe, literally and/or under the doctrine of equivalents, claims" of each of the Patents-in-Suit.  Walmart Complaint, ¶¶17, 29, 41; Target Complaint, ¶¶14, 26, 38; Best Buy Complaint, ¶¶17, 29, 41.  Boomcloud further alleges that Walmart, Target, and Best Buy "actively encourage and instruct . . . other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the" Patents-in-

- 4 -

Suit and "do so knowing and intending that these companies . . . will commit these infringing acts." Walmart Complaint, ¶¶19, 31, 43; Target Complaint, ¶¶16, 28, 40; Best Buy Complaint, ¶¶19, 31, 43.

9. While Boomcloud did not specifically identify any Apple products as examples of "Accused Products" in the complaints in the Customer Cases, based on the substantial similarities between the complaints in the Customer Cases and the Carrier Cases, and upon information and belief, Boomcloud will allege the Accused Apple Devices infringe the Patents-in-Suit in at least its forthcoming Infringement Contentions in the Customer Cases.

10. Based on Boomcloud's allegations that the Accused Apple Devices meet each limitation of the asserted claims of the Patents-in-Suit in the Carrier Cases, and Boomcloud's more recent, substantially similar enforcement activities against additional Apple customers in the Customer Cases, an actual and justiciable controversy exists between Apple and Boomcloud.

11. Furthermore, Boomcloud maintains a public website advertising its software platform. As shown in the images excerpted below, this website suggests Boomcloud believes, and is representing to its visitors, that Boomcloud's technology is incorporated in Apple products, including Beats headphones and AirPods products. *See* https://www.boomcloud360.com.

 CNN

"...with Beats headphones, the sound was off-the-charts awesome."



CASE NO. _____                                                          COMPLAINT

12.    As explained below, Apple and the Accused Apple Devices do not infringe any of the Patents-in-Suit.  Apple brings this declaratory judgment action to resolve any allegations of infringement by Apple and Apple products and/or services of the Patents-in-Suit.

## THE PARTIES

13.    Apple is a corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014.

14.    Based on the statements Boomcloud made in the complaints in the Carrier Cases and the Customer Cases, and upon information and belief, Boomcloud purports to be a corporation organized and existing under the laws of Delaware and has a principal place of business at 687 South Coast Hwy. 101, Suite # 311, Encinitas, CA 92024.

## JURISDICTION AND VENUE

15.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

16.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

17.    Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in Apple's Complaint because an actual case or controversy exists between Apple and Boomcloud.  An actual case or controversy exists at least because Apple does not infringe and has not infringed any claim of the Patents-in-Suit, and Boomcloud has accused Apple's products of infringing the Patents-in-Suit in at least its infringement contentions served in the Carrier Cases.

18.    This Court has personal jurisdiction over Boomcloud.  Upon information and belief, Boomcloud has a principal place of business at 687 South Coast Hwy. 101, Suite # 311, Encinitas, CA 92024.  *See* **Exhibit 6** (California

Registered Agent Listing for Boomcloud 360, Inc.). Encinitas is in San Diego County, CA, which is located in the Southern District of California.

19. In addition, Boomcloud has engaged in actions in California, and particularly the Southern District of California, that have established sufficient minimum contacts with the District. The exercise of personal jurisdiction based on Boomcloud's contacts does not offend traditional notions of fairness and substantial justice.

20. Boomcloud is the applicant and assignee for all three of the Patents-in-Suit. *See* **Exhibits 1-3**. Each patent identifies Encinitas, CA as Boomcloud's location. *Id.* The Patents-in-Suit each name Zachary Seldess of San Diego, CA as an inventor. *Id.* The '564 patent also names James Tracey and Alan Kraemer of San Diego, CA as inventors. **Exhibit 2**.

21. The Patents-in-Suit were filed and prosecuted by the law firm Fenwick & West LLP, including by attorneys based in California. The recorded assignments for each Patent-in-Suit identify Alan Xiang as the Correspondent for Boomcloud with an address of 801 California Street, Mountain View, CA 94041. **Exhibits 7-9**. The assignments each further identify Boomcloud's place of business as 687 South Coast Hwy. 101, Suite # 311, Encinitas, CA 92024. *Id.*

22. To litigate its patents, Boomcloud has consistently used the law firm of Russ August & Kabat, including several attorneys admitted in California and located in Los Angeles, CA, including for the Carrier Cases and Customer Cases.

23. Boomcloud has directed enforcement of its patent rights at California and this District. For example, Boomcloud alleges its "novel audio rendering solutions . . . have been licensed and implemented by several large companies, including . . . Qualcomm," a company headquartered in San Diego, CA (which is in this District). AT&T Complaint, ¶3.

24. Boomcloud has also directed enforcement of its patent rights at California through the Carrier Cases. In each of the Carrier Cases, Boomcloud

- 7 -

served infringement contentions with claim charts alleging Apple's products meet each limitation of each asserted claim. Additionally, in each of the Carrier Cases, Boomcloud alleges infringement by products manufactured by Google LLC, a company headquartered in Mountain View, CA, and Motorola Mobility, a company with offices in Sunnyvale, CA.

25. At least a substantial portion of the research and development for the Accused Apple Functionalities occurred at Apple offices in California. Relevant financial and licensing documentation and personnel are also located in Apple offices in California.

26. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Apple's claim occurred in this District, and because Boomcloud is subject to personal jurisdiction here.

27. An immediate, real, and justiciable controversy exists between Apple and Boomcloud as to whether Apple is infringing or has infringed the Patents-in-Suit.

### FACTUAL ALLEGATIONS AND BACKGROUND

### Apple Independently Developed the Accused Apple Devices

28. Apple was founded in 1976, and is world renowned for creating innovative products that people love. Apple produces those products through its significant investment in and dedication to research and development and product design.

29. Apple created the Accused Apple Devices. For example, Apple announced the first iPhone by 2007, and launched its first iPhone by June 2007. *See* https://www.apple.com/newsroom/2007/01/09Apple-Reinvents-the-Phone-with-iPhone/; https://www.verizon.com/articles/Smartphones/milestones-in-history-of-apple-iphone/. Apple announced the first iPad by 2010, and launched its first iPad by April 2010. *See* https://www.apple.com/newsroom/2010/01/27Apple-Launches-iPad/; https://www.ign.com/articles/all-ipad-release-dates-in-order.

CASE NO. _____                                                          COMPLAINT

Apple announced the first AirPods by 2016, and launched the first AirPods by December 2016.  *See* https://www.apple.com/newsroom/2016/09/apple-reinvents-the-wireless-headphones-with-airpods/; https://www.apple.com/newsroom/2016/12/apple-airpods-are-now-available/.

30.    Apple engineers who work on the Accused Apple Functionalities are primarily based in California.

31.    Because documents about the Accused Apple Functionalities, including technical documents and source code, are created and maintained by the engineers working on those functionalities, such documents are primarily created and maintained in California.

**Apple Does Not Infringe The Patents-In-Suit**

32.    The Accused Apple Devices and Accused Apple Functionalities do not directly or indirectly infringe any claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

33.    No third party infringes any claim of the Patents-in-Suit by selling, offering for sale, or using the Accused Apple Devices or Accused Apple Functionalities.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  The Accused Apple Devices and Accused Apple Functionalities are not designed for use in any combination that infringes any claim of the Patents-in-Suit.  To the contrary, each has substantial uses that do not infringe any claim of the Patents-in-Suit.

**FIRST CLAIM FOR RELIEF**

**(Declaration of Noninfringement of U.S. Patent No. 10,313,820)**

34.    Apple restates and incorporates by reference the allegations in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    Boomcloud claims to own all rights, title, and interest in the '820 patent.  The '820 patent is titled "Sub-Band Spatial Audio Enhancement."  The '820 patent issued on June 4, 2019, from U.S. Patent Application No. 15/646,821,

- 9 -

filed on July 11, 2017.  The '820 patent names Zachary Seldess as the inventor and Boomcloud 360, Inc. as the initial, sole assignee.

36.  Boomcloud has alleged the Accused Apple Devices meet every limitation of claims 1-27 of the '820 patent.  Apple does not directly or indirectly infringe any claim of the '820 patent, either literally or under the doctrine of equivalents.

37.  For example, claim 1 of the '820 patent recites:

A method for enhancing an audio signal having a left input channel and a right input channel, comprising:

processing the left input channel and the right input channel into a spatial component and a nonspatial component, the spatial component including a difference between the left input channel and the right input channel and the nonspatial component including a sum of the left input channel and the right input channel;

applying first subband gains to subbands of the spatial component to generate an enhanced spatial component, wherein applying the first subband gains to the subbands of the spatial component includes applying a first set of subband filters to the spatial component;

applying second subband gains to subbands of the nonspatial component to generate an enhanced nonspatial component, wherein applying the second subband gains to the subbands of the nonspatial component includes applying a second set of subband filters to the nonspatial component; and

combining the enhanced spatial component and the enhanced nonspatial component into a left output channel and a right output channel.

CASE No. _____                                                                 COMPLAINT

38.     Apple does not infringe claims 1-27 of the '820 patent because, by way of example and without limitation, the Accused Apple Devices, when used, do not perform the limitations requiring:

- "processing the left input channel and the right input channel into a spatial component and a nonspatial component" (claim 1) | "a spatial frequency band divider configured to process the left input channel and the right input channel into a spatial component and a nonspatial component" (claim 14) | "process a left input channel and a right input channel of an audio signal into a spatial component and a nonspatial component" (claim 27)

- "apply[ing] second subband gains to subbands of the nonspatial component to generate an enhanced nonspatial component" (claims 1, 27) | "a second set of subband filters configured to apply second subband gains to subbands of the nonspatial component to generate an enhanced nonspatial component" (claim 14)

The Accused Apple Devices do not process left and right input channels into a spatial component and nonspatial component, or generate an enhanced nonspatial component by applying subband gains.

39.     No third party infringes any claim of the '820 patent by using the Accused Apple Devices.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Apple received no notice of any alleged infringement of the '820 patent by the Accused Apple Devices before Boomcloud served its infringement contentions in the Carrier Cases.  For at least the reasons explained above, the Accused Apple Devices and the use of the Accused Apple Devices do not directly infringe the '820 patent.  The Accused Apple Devices are not designed for use in any combination that infringes any claim of the '820 patent.  To the contrary, each has substantial uses that do not infringe

CASE NO. _____                                                      COMPLAINT

any claim of the '820 patent and are not accused by Boomcloud of infringing the '820 patent.

40.  Thus, there exists an actual controversy between Apple and Boomcloud with respect to Apple's alleged infringement of the '820 patent. Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '820 patent.

41.  Apple seeks a judicial declaration that Apple does not directly or indirectly infringe any claim of the '820 patent.

## SECOND CLAIM FOR RELIEF

### (Declaration of Noninfringement of U.S. Patent No. 10,721,564)

42.  Apple restates and incorporates by reference the allegations in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

43.  Boomcloud claims to own all rights, title, and interest in the '564 patent. The '564 patent is titled "Subband Spatial and Crosstalk Cancellation for Audio Reporoduction [sic]." The '564 patent issued on July 21, 2020, from U.S. Patent Application No. 16/192,522, filed on November 15, 2018. The '564 patent names Zachary Seldess, James Tracey, and Alan Kraemer as the inventors and Boomcloud 360, Inc. as the initial, sole assignee.

44.  Boomcloud has alleged the Accused Apple Devices meet every limitation of claims 1-21 of the '564 patent. Apple does not directly or indirectly infringe any claim of the '564 patent, either literally or under the doctrine of equivalents.

45.  For example, claim 1 of the '564 patent recites:

A method for crosstalk cancellation for an audio signal output by a first speaker and a second speaker, comprising:

determining a speaker parameter for the first speaker and the second speaker, the speaker parameter comprising a listening angle between the first and second speakers;

- 12 -

CASE NO. _____                                          COMPLAINT

generating a compensation signal for a plurality of frequency bands of the audio signal, the compensation signal removing estimated spectral defects in each frequency band from crosstalk cancellation applied to the audio signal, wherein the crosstalk cancellation and the compensation signal are determined based on the speaker parameter;

precompensating the audio signal for the crosstalk cancellation by adding the compensation signal to the audio signal to generate a precompensated signal; and

performing the crosstalk cancellation on the precompensated signal based on the speaker parameter to generate a crosstalk cancelled audio signal.

46. Apple does not infringe claims 1-21 of the '564 patent because, by way of example and without limitation, the Accused Apple Devices, when used, do not perform the limitations requiring:

- "determining a speaker parameter for the first speaker and the second speaker, the speaker parameter comprising a listening angle between the first and second speakers" (claim 1) | "determining one or more speaker parameters for the first speaker and the second speaker, the one or more speaker parameters comprising a listening angle between the first and second speakers" (claim 6) | "determine one or more speaker parameters for a first speaker and a second speaker, the one or more speaker parameters comprising a listening angle between the first and second speakers" (claim 14)

- "generating a compensation signal . . . the compensation signal removing estimated spectral defects . . . from crosstalk cancellation" wherein "the compensation signal [is] determined based on the speaker parameter" (claim 1) | "remov[ing] spectral defects of the crosstalk processing . . . based on applying a filter to the audio signal, the filter including a configuration determined based on the one or more speaker parameters" (claims 6 and 14)

- 13 -

- "performing the crosstalk cancellation on the precompensated signal based on the speaker parameter" (claim 1)

The Accused Apple Devices do not determine a listening angle between first and second speakers, or generate signals or apply filters to remove spectral defects from crosstalk cancellation/processing based on the listening angle.

47.    No third party infringes any claim of the '564 patent by using the Accused Apple Devices.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Apple received no notice of any alleged infringement of the '564 patent by the Accused Apple Devices before Boomcloud served its infringement contentions in the Carrier Cases.  For at least the reasons explained above, the Accused Apple Devices and the use of the Accused Apple Devices do not directly infringe the '564 patent.  The Accused Apple Devices are not designed for use in any combination that infringes any claim of the '564 patent.  To the contrary, each has substantial uses that do not infringe any claim of the '564 patent and are not accused by Boomcloud of infringing the '564 patent.

48.    Thus, there exists an actual controversy between Apple and Boomcloud with respect to Apple's alleged infringement of the '564 patent. Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '564 patent.

49.    Apple seeks a judicial declaration that Apple does not directly or indirectly infringe any claim of the '564 patent.

### THIRD CLAIM FOR RELIEF

**(Declaration of Noninfringement of U.S. Patent No. 10,757,527)**

50.    Apple restates and incorporates by reference the allegations in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

51.    Boomcloud claims to own all rights, title, and interest in the '527 patent.  The '527 patent is titled "Crosstalk Cancellation B-Chain."  The '527 patent

- 14 -

issued on August 25, 2020, from U.S. Patent Application No. 16/591,352, filed on October 2, 2019.  The '527 patent names Zachary Seldess as the inventor and Boomcloud 360, Inc. as the initial, sole assignee.

52.   Boomcloud has alleged the Accused Apple Devices meet every limitation of claims 1-30 of the '527 patent.  Apple does not directly or indirectly infringe any claim of the '527 patent, either literally or under the doctrine of equivalents.

53.   For example, claim 1 of the '527 patent recites:

A system for enhancing an input audio signal for a left speaker and a right speaker, comprising:

a processing circuitry configured to:

determine asymmetries between the left speaker and the right speaker in frequency response, time alignment, and signal level for a listening position; and

generate a left output channel for the left speaker and a right output channel for the right speaker by at least one of:

applying an N-band equalization to the input audio signal to adjust for the asymmetry in the frequency response;

applying a delay to the input audio signal to adjust for the asymmetry in the time alignment; or

applying a gain to the input audio signal to adjust for the asymmetry in the signal level.

54.   Apple does not infringe claims 1-30 of the '527 patent because, by way of example and without limitation, the Accused Apple Devices, when used, do not perform the limitations requiring:

- 15 -

- "determine asymmetries between the left speaker and the right speaker in frequency response, time alignment, and signal level for a listening position" (claims 1, 21)
- "determine asymmetries between a left speaker and a right speaker in frequency response, time alignment, and signal level for a listening position" (claim 11)
- "applying [an N-band equalization / a delay / a gain] to the input audio signal to adjust for the asymmetry in the [frequency response / time alignment / signal level]" (claims 1, 11, 21)

The Accused Apple Devices do not determine asymmetries between the speakers for a listening position or apply corrections based on asymmetries for the listening position.

55.    No third party infringes any claim of the '527 patent by using the Accused Apple Devices.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Apple received no notice of any alleged infringement of the '527 patent by the Accused Apple Devices before Boomcloud served its infringement contentions in the Carrier Cases.  For at least the reasons explained above, the Accused Apple Devices and the use of the Accused Apple Devices do not directly infringe the '527 patent.  The Accused Apple Devices are not designed for use in any combination that infringes any claim of the '527 patent.  To the contrary, each has substantial uses that do not infringe any claim of the '527 patent and are not accused by Boomcloud of infringing the '527 patent.

56.    Thus, there exists an actual controversy between Apple and Boomcloud with respect to Apple's alleged infringement of the '527 patent. Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '527 patent.

57.    Apple seeks a judicial declaration that Apple does not directly or indirectly infringe any claim of the '527 patent.

## PRAYER FOR RELIEF

Wherefore, Apple requests the following relief:

A.    A declaration in favor of Apple and against Boomcloud on Apple's claims;

B.    A declaration that Apple does not infringe, directly or indirectly, the Patents-in-Suit, either literally or under the doctrine of equivalents;

C.    A declaration that Apple does not induce infringement of the Patents-in-Suit;

D.    A declaration that Apple does not contribute to infringement of the Patents-in-Suit;

E.    An order declaring that Apple is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285;

F.    An award to Apple for its costs and attorneys' fees in connection with this action; and

G.    Such further and additional relief as the Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple respectfully demands a trial by jury on all issues triable by jury.

CASE NO. _____                                            COMPLAINT

Dated: August 5, 2026                    GIBSON, DUNN & CRUTCHER LLP


By: */s/ Nathaniel Scharn*
    Nathaniel Scharn

    Brian A. Rosenthal, BN 3961380
    (*pro hac vice forthcoming*)
    Allen Kathir, BN 5339445 (*pro hac
    vice forthcoming*)
    GIBSON, DUNN & CRUTCHER
    LLP
    200 Park Avenue
    New York, NY 10166-0193
    Telephone: 212.351.4000
    Facsimile:  212.351.4035
    BRosenthal@gibsondunn.com
    AKathir@gibsondunn.com

    Jaysen S. Chung, SBN 280708
    GIBSON, DUNN & CRUTCHER
    LLP
    One Embarcadero Center, Suite
    2600
    San Francisco, CA  94111-3715
    Telephone: 415.393.8200
    Facsimile:  415.393.8306
    JSChung@gibsondunn.com

    Nathaniel R. Scharn, SBN 304836
    GIBSON, DUNN & CRUTCHER
    LLP
    3161 Michelson Drive, Suite 1200
    Irvine, CA  92612-4412
    Telephone: 949.451.3800
    Facsimile:  949.451.4220
    NScharn@gibsondunn.com


    *Attorneys for Plaintiff Apple Inc.*

CASE NO. _____                                        COMPLAINT